UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| vs. | ) | CAUSE NUMBER 3:07-CR-58(01)RM |
| | ) | |
| JAMES K. CAMPBELL | ) | |

<u>OPINION AND ORDER</u>

James Campbell, who is representing himself, has submitted a variety of letters and motions to the court. His two motions to suppress (docket nos. 35 and 37) are set for hearing on November 26. This order addresses his other requests.

When Mr. Campbell asked to represent himself, the court tried to explain to Mr. Campbell the disadvantage at which he would be placing himself because the government is represented by a very experienced trial attorney while Mr. Campbell is untrained in the substantive law and criminal procedure. Mr. Campbell's requests to the court demonstrate his unfamiliarity with those topics; they evidence a misunderstanding of the court's role in a criminal case.

Docket No. 36 is entitled a "motion to receive or review discovery," but it asks for "some way to find where I stand paper work wise!" and asks for a copy of the "sentencing chart or graph." Document 38 asks how "the court wishes" Mr. Campbell to "file subpoenas" for 6 witnesses and asks how he can communicate with 2 incarcerated witnesses. Document 43 is entitled a "motion to use the law library in writing faxed over from court," but it does not request use of any law library; it asks the court to grant a motion "to have my wife deliver the Federal Codes Book she purchased A.S.A.P. not the usual 2-4 weeks it takes to go through

channels" at the jail." Document 45, entitled "motion for or request for assisting my wife in getting the book Federal Criminal Court Codes 2006 to me at J-213 in St. Joe County Jail," repeats that request. Document 50 asks for the court's help in getting a state class A misdemeanor charge and a speeding ticket dismissed.

Providing such assistance is not the court's job. The court made counsel available to Mr. Campbell, and explained to Mr. Campbell that he would have to live with the resources of the county law library if he wanted to represent himself. The court's task is to be certain that court proceedings are conducted fairly and in accordance with the rules of law. It is not the court's job to help the defendant get personal property faster than other inmates would get the same property, to explain legal procedure, or to assist an inmate with state misdemeanor and infraction charges. The court denies the motions and requests reflected in document numbers 36, 38, 43, 45, and 50.

Document 39 is entitled "motion to add evidence to discovery" and attaches what purports to be a written statement by Mr. Campbell's father. Document 42 is entitled "motion to add rental receipts from Orma Vanschoyck for front bedroom, where all paraphernalia was found, to evidence," and attached what appear to be rent receipts. Neither side needs a court order to provide discovery to the other side, and papers are not admitted into evidence at suppression hearings or trials by being mailed to the court. The courts denies the motions reflected in document numbers 39 and 42.

Docket 44 is entitled "motion for contesting forfeiture of seized firearms," but the relief it actually seeks is a seized asset claim form. Document 48 asks the

court to direct that certain personal property, including "numerous confiscated letters containing answers to legal issues from 2 people being subpoena'd." Docket 49 asks for the return of firearms and a knife seized from Mr. Campbell's person and residence. The indictment seeks forfeiture of specified items and Mr. Campbell is set for trial on that count as well as on the substantive counts. To the extent Mr. Campbell seeks rulings on the forfeiture issues at this point, his requests are premature. To the extent Mr. Campbell wants the court to send him a form prepared by an agency of the executive branch, his request is misdirected. The court denies the motions and requests reflected in document numbers 44, 48, and 49.

Document 51 seeks dismissal of the charges because a drug dog was used without a warrant. Again, Mr. Campbell misunderstands the law. If Mr. Campbell is right that use of a drug dog violated his right to be free from unreasonable search and seizure, the remedy is suppression of the evidence, not freedom from prosecution. The court will deny the motion to dismiss, but will allow Mr. Campbell to raise this argument at the suppression hearing.

The motions and requests addressed in this order have shaken the court's confidence in Mr. Campbell's ability to represent himself, but not to the point — yet — that he should be compelled to accept counsel. That conclusion may need to be revisited if the court continues to receive daily communication from Mr. Campbell demonstrating unvarying misunderstanding of the legal process. At this point, the court simply urges Mr. Campbell to reconsider what the court already has told him about the disadvantages of representing himself.

For all of the foregoing reasons, the court DENIES denies the motions and requests reflected in document numbers 36, 38, 39, 42, 43, 44, 45, 48, 49, 50, and 51.

SO ORDERED.

ENTERED:   November 15, 2007

_____/s/ Robert L. Miller, Jr._____
Chief Judge
United States District Court