UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| JAMES K. CAMPBELL, )<br>)<br>*Petitioner* )<br>)<br>vs. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>*Respondent* ) | CAUSE NO. 3:09-CV-341 RM<br>(Arising out of 3:07-CR-58 RM) |

OPINION and ORDER

On May 16, 2008, James Campbell pleaded guilty to one count of possession with intent to distribute cocaine base (Count 2), in violation of 21 U.S.C. § 841(a)(1), and one count of possession of a firearm in furtherance of a drug trafficking crime (Count 4), in violation of 18 U.S.C. § 924(c). He was sentenced on July 28, 2008 to a term of 93 months' imprisonment (consecutive terms of 33 months on Count 2 and 60 months on Count 4), to be followed by a three-year term of supervised release, and was ordered to pay a special assessment of $200.00. The government dismissed Counts 1 and 3 pursuant to the terms of the plea agreement. Plea Agree., ¶ 9(j). Mr. Campbell is now before the court requesting that his sentence be vacated pursuant to 28 U.S.C. § 2255.

The rules governing petitions filed under 28 U.S.C. § 2255 provide that once a motion is filed,

> The motion, together with all the files, records, transcripts, and correspondence relating to the judgment under attack, shall be examined promptly by the judge to whom it is assigned. If it plainly

appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the movant to be notified.

Rule 4(b), Rules Governing Section 2255 Proceedings for the United States District Courts.

Examination of Mr. Campbell's plea agreement reveals that he waived his right to appeal his conviction and sentence and to contest his conviction and sentence in a § 2255 proceeding. Mr. Campbell's plea agreement, signed by Mr. Campbell, his attorney Kurt Earnst, and Assistant United States Attorney John Maciejczyk contains the following language in paragraph 9(f):

> (f) I understand that the law gives a convicted person the right to appeal the conviction and the sentence imposed; I also understand that no one can predict the precise sentence that will be imposed, and that the Court has jurisdiction and authority to impose any sentence within the statutory maximum set forth my offense(s) as set forth in this pleas agreement; with this understanding and in consideration of the government's entry into this plea agreement, I expressly waive my right to appeal or to contest my conviction and my sentence or the manner in which my conviction or my sentence was determined or imposed, to any Court on any ground, including any claim of ineffective assistance of counsel unless the claimed ineffective assistance of counsel relates directly to this waiver or its negotiation, including any appeal under Title 18, United States Code, Section 3742 or any post-conviction proceeding, including but not limited to a proceeding under Title 28, United States Code, Section 2255.

Despite the waivers and admissions in his plea agreement, Mr. Campbell now challenges his sentence based on his claims that his conviction was obtained by use of evidence gained pursuant to an unconstitutional search and seizure and

by a violation of his privilege against self-incrimination, he was denied effective assistance of counsel, and he was denied the right to appeal.

A plea agreement containing a waiver of the right to appeal and file a petition under § 2255 can be collaterally attacked in a limited number of circumstances, including challenges based upon contractual grounds such as mutual mistake or breach, United States v. Cook, 406 F.3d 485, 487 (7th Cir. 2005), or when a defendant claims the waiver was involuntary or counsel was ineffective in negotiating the agreement. Mason v. United States, 211 F.3d 1065, 1069 (7th Cir. 2000).

Mr. Campbell claims his counsel was ineffective when advising him to accept the plea agreement offered by the government. According to Mr. Campbell, "The Public Defender told me, 'Take the plea agreement if I was smart, because he would make no effort to win this case and he would see to it I would get 25 years or more.'" Petn., at 5. Mr. Campbell also says he was "pressured, coerced, and misled by counsel who in worst case advised me to plead guilty to inapplicable/incorrect statutes/charges." Petn., at 6. Mr. Campbell represented to the court in his plea agreement, however, that his attorney had informed, counseled, and advised him as to the nature of the accusations against him, the defenses he might have, and the rights he had in connection with the case, Plea Petn., ¶¶ 4, 5, 6, 7, 8, and that his guilty plea was being offered "freely and voluntarily" and of his own accord. Plea Petn., ¶ 12.

3

In addition, Mr. Campbell stated at his change of plea hearing that his plea was knowing and voluntary, no one had used any force or made any threats to get him to plead guilty, he was guilty of the charges contained in Counts 2 and 4 of the Indictment, and he was satisfied with the representation his counsel had provided. Mr. Campbell also answered questions from the court about the waiver provision of his plea agreement:

> THE COURT: As I understand it, you're aware that people who are sentenced in federal court have the right to appeal their sentence. But as I understand it, as part of your plea agreement, you're giving up the right to appeal and you're giving up the right to file any later petition for writ of habeas corpus or post-conviction relief or anything like that challenging your sentence or your conviction. Do I understand that correctly?
>
> MR. CAMPBELL: Yes.
>
> THE COURT: And that's an important provision, so I want to make sure we all understand that the same way. As I understand it, that means that if from here on out I do anything with respect to the case that you don't think was right, or if Mr. Maciejczyk or anyone else from his office does anything with respect to the case that you don't think was right, or if Mr. Earnst in trying to represent you were to do anything with respect to the case that you don't think was right, if whatever went wrong meant your sentence turned it to be longer than it should have been, once I impose the sentence at the sentencing hearing, you won't be able to complain about whatever went wrong to this court or any other court. Is that how you understand that?
>
> MR. CAMPBELL: I understand it. I'm at your mercy.

Plea Hrg. Tr.

Mr. Campbell's statements at his change of plea hearing, statements made under oath, are presumed to be truthful when determining whether his plea was

4

knowing and voluntary. Bridgeman v. United States, 229 F.3d 589, 592 (7th Cir. 2000). The record supports a finding that Mr. Campbell's guilty plea was "a voluntary and intelligent choice among the alternate courses of actions open to him." Berkey v. United States, 318 F.3d 768, 773 (7th Cir. 2003) (*quoting* North Carolina v. Alford, 400 U.S. 25, 31 (1970)). The plea agreement clearly and unambiguously sets forth the wavier of his right to appeal and file a § 2255 petition, the court explained the waiver to Mr. Campbell during the plea colloquy, and Mr. Campbell acknowledged that he understood. Mr. Campbell hasn't challenged his plea agreement or provided any legal support for his claim of ineffective assistance of counsel based on counsel's not filing an appeal when Mr. Campbell surrendered that option as part of his plea agreement. *See* Nunez v. United States, 546 F.3d 450, 456 (7th Cir. 2008) ("Once a defendant has waived his right to appeal not only in writing but also in open court under Rule 11(b)(1)(N), the sixth amendment does not require counsel to disregard the waiver."). Because Mr. Campbell's plea was informed and voluntary, the waiver of his right to appeal or file a § 2255 petition "must be enforced." Nunez v. United States, 546 F.3d at 453.

To the extent Mr. Campbell's claims relating to ineffective assistance of counsel or his right to appeal could be construed as relating directly to the negotiation of the plea agreement, he can't succeed on his petition. "To prevail on his ineffective assistance claim, [Mr. Campbell] must demonstrate that his counsel's performance fell below an objective standard of reasonableness, and that

5

'the [alleged] deficient performance prejudiced the defense.' In order to satisfy the prejudice prong, [Mr. Campbell] must establish that 'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" Taylor v. Bradley, 448 F.3d 942, 948 (7th Cir. 2006) (*quoting* Strickland v. Washington, 466 U.S. 668, 687-688, 694 (1984)). "Prejudice in the context of a guilty plea requires a showing that but for counsel's deficient performance, [Mr. Campbell] would not have pleaded guilty." Galbraith v. United States, 313 F.3d 1001, 1008 (7th Cir. 2002).

Mr. Campbell hasn't alleged he wouldn't have pleaded guilty had counsel acted differently, United States v. Peterson, 414 F.3d 825, 827 (7th Cir. 2005), nor has he demonstrated prejudice: he hasn't identified evidence that would have created a reasonable probability of a different outcome, he hasn't outlined facts that could show a reasonable probability that the results in his case would have been different but for counsel's error, and he hasn't outlined facts that could establish that the proceedings were fundamentally unfair or the result unreliable. Mr. Campbell hasn't carried his burden with respect to the prejudice prong.

Mr. Campbell's remaining claims – that his conviction resulted from evidence gained pursuant to an unconstitutional search and seizure and from a violation of his privilege against self-incrimination – don't relate to the negotiation of the waiver of his right to appeal, and, therefore, those claims are foreclosed by his plea agreement, in which he expressly waived his right to appeal or challenge his conviction and sentence and the manner in which the conviction and sentence

6

were determined or imposed. United States v. Cieslowski, 410 F.3d 353, 364 (7th Cir. 2005).[1]

While a sentence in excess of the statutory maximum sentence for a defendant's crime can be challenged even if the defendant executed a blanket waiver of his appeal rights, United States v. Bownes, 405 F.3d 634, 637 (7th Cir. 2005), Mr. Campbell's sentence was not in excess of the 20-year maximum for violation of 21 U.S.C. § 841(a)(1).

Based on the foregoing, Mr. Campbell isn't entitled to the relief he seeks. His petition filed pursuant to 28 U.S.C. § 2255 [docket # 85] is SUMMARILY DISMISSED and his request to proceed *in forma pauperis* is DENIED as moot [docket # 86].

SO ORDERED.

ENTERED:   August 13, 2009


　　　　　　　　　　　　　　　　/s/ Robert L. Miller, Jr.
　　　　　　　　　　　　　　　Chief Judge
　　　　　　　　　　　　　　　United States District Court

---

[1] Mr. Campbell sought to have his statements to and the evidence seized by police officials suppressed in the motion he filed in October 2007 when he was representing himself and then in the motion filed by his counsel in March 2008. Hearings on the suppression issues were held on November 26, 2007, at which time Mr. Campbell represented himself, and on May 1, 2008, when Mr. Campbell was represented by counsel. At the conclusion of the May 1 hearing, the court denied Mr. Campbell's requests to suppress his statements and other evidence. That Mr. Campbell's motions to suppress were denied doesn't demonstrate ineffective assistance of counsel. *See* Kimmelman v. Morrison, 477 U.S. 365, 375 (1986) ("Where defense counsel's failure to litigate a Fourth Amendment claim competently is the principal allegation of ineffectiveness, the defendant must also prove that his Fourth Amendment claim is meritorious and that there is a reasonable probability that the verdict would have been different absent the excludable evidence in order to demonstrate actual prejudice.").

cc: J. Campbell