UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| JAMES CAMPBELL, | ) | |
| | ) | |
| Petitioner | ) | |
| | ) | |
| vs. | ) | CAUSE NO. 3:09-CV-341 RM |
| | ) | (Arising out of 3:07-CR-58 RM) |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent | ) | |

OPINION and ORDER

On August 13, 2009, the court denied James Campbell's petition filed pursuant to 28 U.S.C. § 2255 based on Mr. Campbell's waiver, in his plea agreement, of his right to appeal and to file a habeas petition. Mr. Campbell has filed a notice of appeal of that order and is before the court asking that the clerk prepare the record for appeal consisting of "the original papers and exhibits filed in the district court," "all subpoenas on file," "a certified copy of the docket entries prepared by the district court clerk," and "the transcript of all proceedings." Mr. Campbell says that because he's presently incarcerated "any cost of the transcripts . . . is to be paid by the United States under the Criminal Justice Act." Mr. Campbell hasn't requested a certificate of appealability or to proceed *in forma pauperis* on appeal, but the court will view his most recent letter as including those requests, as well. Each request will be addressed separately below.

Issuance of a certificate of appealability requires the court to find that Mr. Campbell has made "a substantial showing of the denial of a constitutional right."

28 U.S.C. § 2253(c)(2). He has not done so. In his plea agreement, Mr. Campbell waived his right to file an appeal and a petition under § 2255, and he has presented no facts or evidence to establish that his waiver wasn't knowing and voluntary or that he received ineffective assistance of counsel with respect to that waiver. <u>Mason v. United States</u>, 211 F.3d1065, 1069 (7th Cir. 2000); <u>Jones v. United States</u>, 167 F.3d 1142, 1145 (7th Cir. 1999). His request for a certificate of appealability will be denied.

Federal Rule of Appellate Procedure 24(a)(3) provides that a financially indigent person may be permitted to proceed on appeal *in forma pauperis* unless the court "certifies that the appeal is not taken in good faith." In other words, the court must determine "that a reasonable person could suppose that the appeal has some merit." <u>Walker v. O'Brien</u>, 216 F.3d 626, 632 (7th Cir. 2000). Because no reasonable person could find that Mr. Campbell's appeal has any merit, the court concludes his appeal is not taken in good faith, and his request for pauper status must be denied.

Transcripts of motion hearings, the change of plea hearing, and the sentencing hearing in this case haven't been prepared, so provision of copies of those transcripts is governed by 28 U.S.C. § 753(f), which provides that

> Fees for transcripts furnished in proceedings brought under section 2255 of this title to persons permitted to sue or appeal in forma pauperis shall be paid by the United States out of money appropriated for that purpose if the trial judge . . . certifies that the suit or appeal is not frivolous and that the transcript is needed to decide the issue presented by the suit or appeal.

Thus, a district court has the power to order that a free transcript be furnished "if it finds that the suit . . . is not frivolous and that the transcript is needed to decide the issue presented." United States v. MacCollom, 426 U.S. 317, 325 (1976) (*citing* 28 U.S.C. § 753(f)). Mr. Campbell's plea agreement contains his agreement to waive his right to appeal or contest his conviction and sentence and, as already noted, his § 2255 petition contains no facts or evidence to establish that his waiver was not knowing and voluntary or that he received ineffective assistance of counsel with respect to that waiver. Because Mr. Campbell's appeal has no merit, his request that transcripts be prepared at no cost to him must be denied.

Based on the foregoing, the court DENIES the issuance of a certificate of appealability, DENIES Mr. Campbell leave to proceed *in forma pauperis* on appeal, and DENIES his request that transcripts be prepared at the government's expense for his use on appeal [docket # 91]. The clerk is directed to provide Mr. Campbell with a copy of this order and a copy of the docket sheet, which shows that the necessary record of the proceedings relating to Mr. Campbell's appeal of the denial of his § 2255 petition has been forwarded to the Seventh Circuit Court of Appeals.

SO ORDERED.

ENTERED:   November 30, 2009

  /s/ Robert L. Miller, Jr.

3

Chief Judge
United States District Court

cc:    Clerk, Seventh Circuit Court of Appeals
       J. Campbell